UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CURTIS JEFFRIES,                                                   )
                                                                   )
                    Plaintiff,                                      )     **AMENDED COMPLAINT**
                                                                   )
     -against-                                                   )     **JURY TRIAL**
                                                                   )     **DEMANDED**
THE CITY OF NEW YORK; POLICE DETECTIVE                             )
MICHAEL CALLOWAY, Shield No. 4574,                                 )     14 Civ. 8194 (PGG)
UNDERCOVER OFFICER #C0043; UNDERCOVER                              )
OFFICER #243; POLICE SERGEANT NICOLE                               )
TIRADO, Shield No. 4796; POLICE DETECTIVE                          )
JAMES SOUTH, Shield No. 6130; POLICE DETECTIVE                     )
KEITH CUMMINGS, Shield No. 5981; POLICE                            )
DETECTIVE GUILLERMO GIL, Shield No. 719; JOHN                      )
DOES; and RICHARD ROES,                                            )
                                                                   )
                    Defendants.                                     )
-------------------------------------------------------------------X

## PRELIMINARY STATEMENT

      1.     This is a civil rights action in which the plaintiff CURTIS JEFFRIES seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

1

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on August 6, 2013, within 90 days of the dismissal of the criminal charges that had been lodged against him. More than 30 days have elapsed since service of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff CURTIS JEFFRIES was at all times relevant herein a resident of the State

of New York. Plaintiff CURTIS JEFFRIES is a black man.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants POLICE DETECTIVE MICHAEL CALLOWAY, Shield No. 4574, UNDERCOVER OFFICER #C0043, UNDERCOVER OFFICER #243, POLICE SERGEANT NICOLE TIRADO, POLICE DETECTIVE JAMES SOUTH, Shield No. 6130; POLICE DETECTIVE KEITH CUMMINGS, POLICE DETECTIVE GUILLERMO GIL, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE DETECTIVE MICHAEL CALLOWAY, Shield No. 4574, UNDERCOVER OFFICER #C0043, UNDERCOVER

OFFICER #243, POLICE SERGEANT NICOLE TIRADO, POLICE DETECTIVE JAMES SOUTH, Shield No. 6130; POLICE DETECTIVE KEITH CUMMINGS, POLICE DETECTIVE GUILLERMO GIL, and JOHN DOES are sued individually.

10. Defendants POLICE SERGEANT NICOLE TIRADO and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE SERGEANT NICOLE TIRADO and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11. On January 28, 2013, approximately 6 p.m., Plaintiff was present inside of 405 E. 105th Street, New York, NY.

12. Plaintiff has family who live in the building, and was in the building with their permission.

13. Plaintiff left 405 E. 105th Street.

14. Plaintiff was stopped by approximately three or four JOHN DOES plainclothes

members of the NYPD - on information and belief including POLICE DETECTIVE MICHAEL CALLOWAY, POLICE SERGEANT NICOLE TIRADO; POLICE DETECTIVE JAMES SOUTH; POLICE DETECTIVE KEITH CUMMINGS; and POLICE DETECTIVE GUILLERMO GIL - a short distance after exiting the building.

15. The JOHN DOES officers told Plaintiff that they were looking for a man with a gun, and that Plaintiff fit the description.

16. Plaintiff had not had anything to do with any gun on the date of the incident.

17. The JOHN DOES officers illegally searched Plaintiff.

18. Plaintiff had no weapons or contraband on him on the date of the incident.

19. The JOHN DOES officers handcuffed Plaintiff, and took Plaintiff to a police transport vehicle.

20. By the police transport vehicle one of the JOHN DOES officers told Plaintiff that Plaintiff had "made a sale" (i.e., a drug sale).

21. This was a lie. Plaintiff had not taken part in any sort of a drug sale on the date of the incident.

22. Plaintiff was brought to a local police precinct.

23. At the precinct Plaintiff was illegally strip searched by one of the JOHN DOEs plainclothes police officers who had arrested him, and was made to take off his clothes, and spread his buttocks and lift his testicles for inspection.

24. Plaintiff was held at the precinct for approximately 5 or 6 hours, and then transferred to Manhattan Central Booking.

25. Bail was set for Plaintiff at his arraignment, and Plaintiff was unable to make bail.

5

26. Plaintiff was held in custody in "the Tombs" in Manhattan for another 3 days, and was finally released on his own recognizance on February 1, 2013, in approximately the late afternoon.

27. Plaintiff was falsely charged – along with another individual who was named as a co-defendant - with felony Criminal Sale of a Controlled Substance in the 3rd Degree, in violation of New York State Penal Law § 220.39(1), and with Criminal Facilitation in the 4th Degree, in violation of New York State Penal Law § 115.00(1).

28. Defendant POLICE DETECTIVE MICHAEL CALLOWAY was the deponent on the Criminal Court Complaint lodged against Plaintiff, and states therein that he was informed by UNDERCOVER OFFICER # C0043 that UNDERCOVER OFFICER # C0043 had a drug-related conversation with Plaintiff's co-defendant; that UNDERCOVER OFFICER # C0043 and the co-defendant approached Plaintiff and another unapprehended person in the lobby of 405 E. 105th Street; that the co-defendant spoke with Plaintiff and that UNDERCOVER OFFICER # C0043 and the co-defendant then walked away and UNDERCOVER OFFICER # C0043 handed the co-defendant $40.00; that Plaintiff and the unapprehended person approached the co-defendant and that UNDERCOVER OFFICER # C0043 observed the co-defendant hand the unapprehended person the $40 and that the unapprehended person handed the co-defendant bags of heroin; that during this exchange Plaintiff was standing next to the co-defendant and the unapprehended other person and was looking around from side to side; that after the exchange UNDERCOVER OFFICER # C0043 left the building with the co-defendant and that UNDERCOVER OFFICER # C0043 observed Plaintiff stand and look out of the building and from side to side; and that the co-defendant then handed UNDERCOVER OFFICER # C0043 the

bags of heroin.

29. These allegations, as relate to Plaintiff, are false.

30. Plaintiff did not have any interactions of this sort with anyone in the lobby of 405 E. 105th Street on the date of the incident.

31. On information and belief, UNDERCOVER OFFICER #243 was acting as the "ghost" for UNDERCOVER OFFICER #C0043, and knew or should have known that Plaintiff had not done the things that UNDERCOVER OFFICER #C0043 falsely alleged that he did.

32. POLICE SERGEANT NICOLE TIRADO and POLICE DETECTIVE MICHAEL CALLOWAY were the team leaders for the police operation in which Plaintiff was falsely arrested.

33. Plaintiff had to return to court approximately 4-5 times during the course of this prosecution on these false charges.

34. All charges against Plaintiff were dismissed in their entirety on July 18, 2013.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

35. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

36. By their conduct and actions in seizing plaintiff, searching (including strip-searching) plaintiff, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, maliciously prosecuting plaintiff, abusing process against plaintiff, trespassing upon plaintiff, violating rights to equal protection of plaintiff, violating rights to due process of plaintiff, failing

7

to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants POLICE DETECTIVE MICHAEL CALLOWAY, Shield No. 4574, UNDERCOVER OFFICER #C0043, UNDERCOVER OFFICER #243, POLICE SERGEANT NICOLE TIRADO, POLICE DETECTIVE JAMES SOUTH, Shield No. 6130; POLICE DETECTIVE KEITH CUMMINGS, POLICE DETECTIVE GUILLERMO GIL, JOHN DOES and/or RICHARD ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth, and Fourteenth amendments.

37. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

38. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

39. By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants POLICE SERGEANT NICOLE TIRADO and RICHARD ROES caused damage and injury in

violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth, and Fourteenth amendments.

40. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

41. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

42. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

43. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

44. At all times material to this complaint, the defendant THE CITY OF NEW YORK,

acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

45. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops and frisks, and arrests, which are implemented disproportionately upon people of color. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

46. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

47. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

48. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the

defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

49. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

## MALICIOUS PROSECUTION

50. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

51. By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

52. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:     New York, New York
            March 18, 2015

            _____
            JEFFREY A. ROTHMAN, Esq.
            315 Broadway, Suite 200
            New York, New York 10007
            (212) 227-2980

            Attorney for Plaintiff